### 32105. VANLANDINGHAM *v.* WIGHT HARDWARE COMPANY.

Decided September 18, 1948.

692

*Cain & Smith,* for plaintiff in error.

*Bell & Baker,* contra.

FELTON, J. The judge's finding on the traverse recited, among other things, the following: "The within traverse coming on for hearing, and the judge of the city court having testified that no formal organization of court on second Monday in October

was made, but plaintiff's counsel after ten o'clock on Monday did ask for a default judgment and was advised by said judge that if no defense was filed he would grant a default judgment on Tuesday; that on Tuesday plaintiff's attorney asked for and was granted a default judgment without any formal opening of court, it being the idea of said judge that said court was convened by operation of law on Monday morning, and that he had a right to consider any matter that had not been continued, and that in rendering said judgment he was entering it in open court. It was further agreed by the parties that the minutes of the City Court of Cairo showed that on said date of the second Monday in October the judge of said court passed an order appointing a solicitor pro tem., to act during the absence of the solicitor, said order reciting that it was signed, 'In open court, this 14th day of October, 1946;' and that on the same date nine pleas of guilty are recorded as having been entered in the 'City Court of Cairo at the October Term, 1946,' and sentences in each of said criminal cases signed up by the judge of said court on said date."

There are two questions involved. The first is whether the failure to formally organize the court on the first day of the term resulted in adjournment of the court. The second question is whether a whole appearance docket must be called before a case may be marked in default and a final judgment rendered under the act creating the City Court of Cairo and amendments thereto.

■ The 1919 amendment to the act creating the City Court of Cairo provides: "That the terms of the City Court of Cairo shall be held quarterly on the second Mondays in January, April, July and October. The judge of said City Court shall have the power to hold said court in session from day to day for a period not longer than two weeks from the beginning of each term, and he may adjourn the same to any day designated by him under the same rules as are provided by law for the adjournment of the superior court. . . Said court shall be open at any time for the trial of criminal cases when jury trial is waived." Ga. L. 1919, pp. 442, 444, sec. 5. The superior court rule as to adjournment prevails in the City Court of Cairo, insofar as adjournments in vacation are concerned, there being no conflict between the

City Court Act and the superior court rule. Code § 24-3008 provides that no superior court shall be adjourned in vacation except as provided in Code § 24-3007, which is not applicable here. Since the court was not adjourned in vacation under Code § 24-3007, and was not adjourned by the judge during the term, the court term remained open. Of course, the term opened on the day provided by law, without the act of the judge or anybody else and necessarily remained open until adjourned by the judge or by operation of law. The fact that a court is not formally organized on the first day of a term does not have the effect of adjourning the court, whatever is meant by the expression, "formally organized." We think that the expression as used in this record is ambiguous. The petitioner for certiorari and the judge of the city court evidently used the expression as meaning an announcement of the opening of court by an officer and the swearing in of bailiffs, jury, etc. There can be no informal organization of a court, and it may be organized without the customary routine organization by the performance of judicial functions. It would seem that in this sense the court was organized on Monday morning. While the act provides that the court shall be open at any time for the trial of criminal cases when a jury trial is waived, when non-jury criminal matters are disposed of during a regular term of court it will be conclusively presumed that they are disposed of at the regular term. Any other holding might result in confusion worse confounded. Since the term of court was not adjourned, the judge had authority to announce his intention to enter a default judgment on Tuesday following the day the court term opened, and to enter the default judgment and final judgment, insofar as the first point is concerned. There is no question of due process, otherwise involved, such as lack of notice, etc.

The City Court Act involved makes the return term the trial term as to cases in default. Ga. L. 1906 pp. 191, 198. It also provides that after the rendition of a final judgment all right of opening a default shall terminate. Since a final judgment was entered, such judgment can not be attacked unless the default judgment was illegally entered. The petitioner for certiorari contends that the default judgment and, consequently, the final judgment are void because the appearance docket was not called. Only two cases were called on the appearance docket.

696

We think that the sensible and reasonable answer to this question is that, if a case on the appearance docket is called by the right person at the right time, the appearance docket is called insofar as that case is concerned. The cases on the docket are separate and distinct, and what is done with one has nothing to do with what is or is not done with another and action as to one can not affect the result of another, and it is of no concern to one defendant what is done with reference to another case. So we hold that the case was called at the right time and place by the right officer, and that the docket was called as to this case. Since this is true, the rendition of the final judgment was proper and can not now be attacked.

The court did not err in finding in favor of the traverse and in denying the certiorari.

*Judgment affirmed. Sutton, C. J., and Parker, J., concur.*